AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>the first-floor of 1549 Blue Hill Avenue, Mattapan, MA 02126, which is the location of Jesula Variety Store and Saul Mache Mixe Store | )<br>)<br>) Case No. 25-MJ-6770-MPK<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1.

located in the _____ District of ___Massachusetts___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 7 U.S.C. §§ 2024; 18 U.S.C. §§ 371, 1343, 1344, 1349, 1956,1957 | SNAP Benefit Trafficking; Wire Fraud; Bank Fraud, Money Laundering; And Conspiracy to Commit these Offenses |

The application is based on these facts:
See attached Affidavit of USDA OIG Special Agent Todd Bucci and Exhibit A to this Affidavit, which is the Affidavit of Special Agent Terence Dupont of the FBI.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Todd Bucci
_____
*Applicant's signature*

Special Agent Todd Bucci, USDA OIG
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___telephone___ *(specify reliable electronic means)*.

Date: ___December 15, 2025___

*Judge's signature*

City and state: ___Boston, Massachusetts___    Hon. M. Page Kelley, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A-1
## PREMISES TO BE SEARCHED

The premises to be searched is the first floor of 1549 Blue Hill Avenue, Mattapan, MA, and the specific rooms in which Jesula Variety Store (JVS) and Saul Mache Mixe Store (SMMS) are located and the hallway from which those locations accessed. The premises of 1549 Blue Hill Avenue is accessible through a glass door facing Blue Hill Avenue bearing the numbers "1549".

JVS and SMMS occupy separate unnumbered suites within 1549 Blue Hill Avenue, Mattapan, MA 02126. Below are pictures of 1549 Blue Hill Avenue, and the entrance to 1549 Blue Hill Avenue:







## ATTACHMENT B
### Particular Things to be Seized

I. All records, data, or tangible objects, hardware, and equipment, in whatever form that constitute evidence, fruits, or instrumentalities of Food Stamp Fraud and Welfare Fraud in violation of 7 U.S.C. § 2024(b), Wire Fraud in violation of 18 U.S.C. §§ 1343, 1349, Bank Fraud in violation of 18 U.S.C. §§ 1344, 1349, Money Laundering in violation of 18 U.S.C. §§ 1956, 1957 and Conspiracy to commit those offenses (the "TARGET OFFENSES"). including:

    A.    Records, data, and tangible objects pertaining to:

        1.    the identity of persons occupying, possessing, residing in, owning, frequenting or controlling:

- The physical premises of 1549 Blue Hill Avenue, Mattapan, MA

including keys, rental agreements and records, property acquisition records, titles, utility bills and receipts, photographs, vehicle records, canceled mail envelopes, correspondence, financial documents such as tax returns, bank records, safety deposit box records and keys, storage unit records and keys, canceled checks, and other records of income and expenditure, credit card records, and personal identification documents;

        2.    rental application documents, leases and rental documents, identity cards, tax returns, employee information, other documentation concerning income, invoices, accounts payable and accounts receivable, and other documents related to employment of JESULA VARIETY STORE and SAUL MACHE MIXE STORE

        3.    receipts, notes, ledgers storage devices), money orders, bank records, canceled checks, business tax returns or records (and supporting documentation), and other papers relating to the tracking of debits and credits (distributor or wholesaler receipts), pay stubs, employment records, money drafts, other items or papers evidencing the obtaining, secreting, transfer, and/or concealment or expenditure of assets (electronic or hard copy).

        4.    Records of business and financial transactions for JESULA VARIETY STORE or SAUL MACHE MIXE STORE including, but not limited to, canceled checks, check registers, monthly statements, deposit slips, withdrawal slips, passbooks, certificates of deposit, safe deposit records or keys, copies of or records of money orders purchased or received, records of wire transfers sent or received, , bills of sales, receipts, invoices, stock certificates, articles of incorporation, personal tax returns, and account statements and other items evidencing food stamp fraud or the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting,

       transfer, concealment and/or expenditure of money.

5. address and / or phone books and papers (electronic or hard copy), reflecting names, addresses, and /or telephone numbers of associates and / or sources of supply and customers, as well as other papers or books relating to or possibly containing evidence of, program fraud or money laundering

6. Records of participation in and sales/exchanges made pursuant to the USDA Food Stamp Program, records of participation in and sales/exchanges made pursuant to the Women, Infants, and Children (WIC) program, receipts from any point of sale device pertaining to such programs,

7. employment/payroll/scheduling records concerning store staff,

8. business records pertaining to the operation of the business, including but not limited to ledgers, address books, sales invoices and receipts, delivery schedules, financial statements, bills of lading, records of inventory, phone records, bank statements, cash receipts, purchase orders, receipts from any point of sale device including the tills, and cash register detail tapes.

7. Training materials related to participation in the USDA Food Stamp Program.

8. Ledgers and documents reflecting purchases of SNAP benefits as well as ledgers and papers with EBT card numbers, PINs or both.

9. the exchange of USDA SNAP Benefits for cash, including: receipts, records, and data concerning the transaction, and evidence that the transaction did not entail the purchase of foods, such as video surveillance, the absence of digital inventory systems, optical scanners, bar code readers, and inventory accounts.

C. Any recipient EBT cards or WIC vouchers left at the store and unattended by their owners, access cards, EBT cards or devices used or useful in conducting such sales/exchanges

D. Cash Registers and Point of Sale Devices, and keys and fobs used to operate and access cash registers and point of sale devices.

E. Cash and currency in amounts over $1,000.

F. Surveillance video systems, cameras, monitors, digital video recorders, and/or digital recording of activity within and outside of JESULA VARIETY STORE and SAUL MACHE MIXE STORE.

    G.  Cellular telephones, computers, and other electronic storage media, reasonably believed to belong to ANTONIO BONHEUR or SAUL ALISME including all names, words, telephone numbers, email addresses, time/date information, messages or other electronic data relating to or referencing drug trafficking, firearm possession and use, located in the memory of any electronic storage media, as further described above, and including the following additional categories:

      1.  data within the device(s) evidencing ownership, possession, custody, control, or use of the device(s); and

      2.  Service Provider handset unlock password(s) and any other passwords used to access the electronic data described above.

      3.  evidence of who used, owned, or controlled the computer equipment;

      4.  evidence of when the computer equipment was used;

      5.  passwords, encryption keys, and other access devices that may be necessary to access the computer equipment; and

  II.  All computer hardware, computer software, and storage media. Off-site searching of these items shall be limited to searching for the items described in paragraph I.

  III.  Law enforcement authorized to conduct biometric unlocking of any cellular phones located on the premises, including through the display the face of ANTONIO BONHEUR and SAUL ALISME to the camera of any seized cellular phones, and the pressing of fingers to fingerprint readers on any seized cellular phones.

  IV.  Law enforcement are authorized to document the amount of food inventory and price of food inventory, in the premises of JESULA VARIETY STORE and SAUL MACHE MIXE STORE in order to conduct analyses and comparisons of inventory to SNAP transaction data.

  V.  Law enforcement personnel are authorized to change device settings on any seized device(s) to disable "Stolen Device Protection" in order to preserve the data on any seized device.

  This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI and USDA-OIG may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## DEFINITIONS

For the purpose of this warrant:

A. "Equipment" means any computer hardware, computer software, mobile phone, storage media, and data.

B. "Hardware" means any electronic device capable of data processing (such as a computer, smartphone, cell/mobile phone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C. "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a username; or a password), whether stored deliberately, inadvertently, or automatically.

D. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

E. "Data" means all information stored on storage media of any form in any storage format and for any purpose.

F. "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

## RETURN OF SEIZED COMPUTER EQUIPMENT

If the owner of the seized equipment requests that it be returned, the government will attempt to do so, under the terms set forth below. If, after inspecting the seized equipment, the government determines that some or all of this equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to the authenticity of a forensic copy (but not necessarily relevancy or admissibility) for evidentiary purposes.

If equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, or personally identifying information of victims; or the fruits or instrumentalities of crime.

       For purposes of authentication at trial, the Government is authorized to retain a digital copy of all equipment seized pursuant to this warrant for as long as is necessary for authentication purposes.